# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| JAYME QUINN and LESLIE QUINN, | ) ) 1:19-cv-00097-JAW ) |
| Defendants, | ) ) |
| MIDLAND FUNDING LLC, | ) ) |
| Parties-In-Interest. | ) |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

On March 4, 2019, Federal National Mortgage Association (FNMA) filed a foreclosure complaint against Jayme Quinn and Leslie Quinn and named Midland Funding LLC as Party-in-Interest. *Compl.* (ECF No. 1). On April 26, 2019, FNMA filed proof of service showing that it served an agent of Corporation Service Company, who is designated by law to accept service of process on behalf of Midland Funding LLC, on March 7, 2019. *Proof of Service as to Midland Funding LLC* at 2 (ECF No. 6). On May 28, 2019, FNMA filed proof of service showing that it served Jayme Quinn on March 8, 2019. *Proof of Service as to Jayme Quinn* at 2 (ECF No. 8).

On May 28, 2019, FNMA filed a motion for entry of default as to Party-in-Interest Midland Funding LLC, *Pl.'s Mot. for Entry of Default as to Party-in-Interest Midland Funding LLC* (ECF No. 7), and the Deputy Clerk of Court granted the motion. *Order Granting Mot. for Entry of Default* (ECF No. 9). On June 26, 2019,

FNMA filed a motion for entry of default as to Jayme Quinn, *Pl.'s Mot. for Entry of Default as to Def., Jayme Quinn* (ECF No. 10), and the Deputy Clerk of Court granted the motion. *Order Granting Mot. for Entry of Default* (ECF No. 11).

On June 27, 2019, the Court issued an order to show cause why the Complaint was not timely served on Leslie Quinn. *Order to Show Cause* (ECF No. 12). On July 1, 2019, FNMA responded to the Court's Order to Show Cause by filing a motion for a ninety-day extension. *Resp. to Order to Show Cause (ECF No. 8)* (ECF No. 13). In its motion for a ninety-day extension, filed that same day, FNMA asserted that Leslie Quinn had passed away, and it required additional time to receive a certified copy of her death certificate, complete a search for her heirs, and serve an amended complaint and summons on those heirs. *Mot. for 90 Day Extension of Time* at 1-2 (ECF No. 14). The Court granted this extension request on July 2, 2019. *Order Terminating Order to Show Cause; Granting Mot. to Extend Time* (ECF No. 15).

Due to the need to complete an heir search and serve said heirs prior to filing a motion for default judgment, FNMA requested on July 26, 2019, that the deadline to file a motion for default judgment against Jayme Quinn be extended ninety days. *Mot. to Continue* (ECF No. 16). The Court granted this motion on the same day. *Order Granting Mot. to Continue* (ECF No. 17) (extending the deadline to file a motion for default judgment against Jayme Quinn to October 24, 2019). On July 29, 2019, the Court issued an order to show cause why the matter should not be dismissed for lack of prosecution as to Midland Funding, LLC. *Order to Show Cause* (ECF No. 18). That same day, FNMA responded to the Order to Show Cause and filed another

motion for a ninety-day extension of time to file a motion for default judgment against Midland Funding, LLC. *Resp. to Order to Show Cause (ECF No. 18)* (ECF No. 19); *Mot. for 90 Day Extension of Time* (ECF No. 20). The Court granted this motion to extend time on that same day. *Order Terminating Order to Show Cause; Granting Mot. to Extend Time* (ECF No. 21) (extending the deadline to file a motion for default judgment against Midland Funding LLC to October 24, 2019). On October 24, 2019, FNMA filed a motion for default judgment as to Jayme Quinn and Midland Funding LLC. *Pl.'s Mot. for Default J. as to Def., Jayme Quinn, and Party-in-Interest, Midland Funding LLC* (ECF No. 28) (*Pl.'s Mot.*).

In the context of foreclosures, once the Clerk of Court enters a default, the Court is obligated to schedule a hearing to

> determine whether there has been a breach of condition in the plaintiff's mortgage, the amount due thereon, including reasonable attorney's fees and court costs, the order of priority and those amounts, if any, that may be due to other parties that may appear and whether any public utility easements held by a party in interest survive the proceedings.

14 M.R.S. § 6322. If the Court is satisfied that a breach exists, the Court issues a judgment of foreclosure and sale subject to the right of redemption and also sets forth the amount due and payable under the mortgage so that the mortgagor may effect the redemption. *Id*.

FNMA includes in its motion for default judgment a request for a section 6322 hearing. *Pl.'s Mot.* at 2 ("Plaintiff is also hereby requesting a hearing on the assessment of damages to determine the order of priority and related matters"). The Court grants FNMA's request.

Under Maine law, to have standing to proceed with a foreclosure, FNMA must have a legal interest in both a note and the mortgage securing payment of the note. *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d 700, 705. The Court turns to the record to assess whether FNMA has an interest, as required by Maine law, in both the mortgage and the note. On August 13, 2017, Leslie Quinn and Jayme Quinn indorsed the original note to Advanced Financial Services, Inc., which is named as the lender. *Compl.*, Attach. 2, *Note* at 1. Advanced Financial Services, Inc. made the note payable without recourse to GMAC Bank. *Id.* at 3. GMAC Bank made the note payable without recourse to GMAC Mortgage, LLC. *Id.* GMAC Mortgage, LLC made the note payable without recourse in blank, *id.*, which is sufficient to grant FNMA standing to enforce the note, so long as FNMA currently holds the note. *See U.S. Bank Trust, N.A., as Tr. for LSF11 Master Participation Tr. v. Cunningham*, No. 2:19-cv-00306-JAW, 2019 WL 6464619, at *2 (D. Me. Dec. 2, 2019) (stating that in a case with multiple indorsements ending with an indorsement in blank, "[u]nder Maine law, section 3-1301 of title 11 'permits a party to enforce a note if it is the "holder" of the note, that is, if it is in possession of the original note that is indorsed in blank'" (quoting *Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 10, 96 A.3d 700, 705)). Here, FNMA alleged the indorsement of the note and its current possession of the note. *Compl.* ¶ 18 (stating that FNMA "is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note").

Additionally, on August 13, 2017, the same date Leslie Quinn and Jayme Quinn signed the promissory note, they executed a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS). *Compl.*, Attach. 3, *Mortgage* at 2, 16. Advanced Financial Services, Inc. is listed as the lender, and MERS is described as the "nominee for Lender and Lender's successors and assigns." *Id.* at 2. On September 17, 2012, MERS executed an assignment of the mortgage to Nationstar Mortgage LLC. *Compl.*, Attach. 4, *Assignment of Mortgage*. On May 14, 2018, Nationstar Mortgage LLC executed a second assignment of the mortgage to FNMA. *Compl.*, Attach. 5, *Assignment of Mortgage*. These assignments are invalid. *See Bank of America, N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 16-17, 96 A.3d 700. Subsequently, however, on June 4, 2018, Embrace Home Loans, Inc., F.K.A. Advanced Financial Services, Inc. assigned the mortgage to FNMA with a quitclaim assignment signed by Nancy Jarboe, Vice President of Embrace Home Loans, Inc., F.K.A. Advanced Financial Services, Inc, *Compl.*, Attach. 6, *Quitcl. Assignment*, which is sufficient to grant FNMA ownership of the mortgage. *See JPMorgan Chase Bank, N.A. v. Lowell*, 2017 ME 32 ¶ 2 n.2, 156 A.3d 727, 728 n.2 (noting that where there had been a previous assignment of a mortgage via MERS followed by a subsequent quitclaim assignment, "[a]s a result of the quitclaim assignment, it appear[ed] that [plaintiff's] standing to pursue th[e] foreclosure action [was] not at issue").

At the hearing, the Court will give FNMA an opportunity to explain why the Loan Modification Agreement, and the amount due in accordance with this agreement, is valid. The Loan Modification Agreement made on January 30, 2013,

5

between Jayme Quinn, Leslie Quinn, and Nationstar Mortgage LLC amended and supplemented the note and mortgage, including increasing the principal balance of the loan from $139,925.10 to $147,138.75. *Compl.*, Attach. 7, *Loan Modification Agreement* ¶¶ 1, 7 (*Loan Modification Agreement*). However, the assignment of the mortgage to Nationstar Mortgage LLC was invalid because Mortgage Electronic Registration System, Inc. (MERS) cannot assign either a note or mortgage, *see Greenleaf*, 2014 ME 89, ¶¶ 16-17, so Nationstar Mortgage LLC did not have standing to enter into the modification agreement. *See Compl.*, Attach. 4, *Assignment of Mortgage*. Based on the payment history records, *see Pl.'s Mot.*, Attach. 1, *Detail Transaction History* at 12 (*Payment History*), FNMA's total amount includes the loan principal balance increase from $139,925.10 to $147,138.75 that the parties set in the apparently invalid Loan Modification Agreement. *See Compl.* ¶ 40, 52; *Loan Modification Agreement* ¶ 7. For these reasons, it is unclear to the Court why the Loan Modification Agreement is valid and why the total amount should be calculated based on it.

Second, the Court will expect FNMA to come to the hearing prepared to discuss the absence of itemized "reasonable interest" and "reasonable attorney's fees" in the listed cure amount in the section 6111 notice. *See* 14 M.R.S.A. § 6111. This Court addressed, but did not resolve, this issue in *Federal National Mortgage Association v. Wilson*, No. 2:18-cv-00366-JAW, 2019 WL 2314675 at *1 (D. Me. May 30, 2019).

Third, the Court will give FNMA an opportunity to address two late charges contained in the payment history that were incurred after FNMA sent section 6111

6

notice to Leslie Quinn and Jayme Quinn on November 13, 2018. *See Compl.*, Attach. 8 at 2 (*Demand Letter*); *Payment History* at 3 (listing late charges on November 16, 2018, and December 17, 2018).

Fourth, the Court will give FNMA an opportunity to address the absence of any demand for sale in the Complaint. *See* 14 M.R.S.A. § 6321 (stating that a foreclosure complaint must "demand a foreclosure and sale"). At present, FNMA's Complaint only demands a foreclosure. *See Compl.* ¶ 30. ("By virtue of the Defendants' breach of condition, the Plaintiff hereby demands a foreclosure on said real estate"). This omission seems at best highly technical because a foreclosure typically results in a sale. At the same time, the Maine Supreme Judicial Court has repeatedly emphasized that Maine's foreclosure statute must be strictly construed. *Greenleaf*, 2014 ME 89, ¶ 18.

Fifth, the Court will give FNMA an opportunity to address the absence in this record of a copy of Complaint or a Clerk's Certificate of Foreclosure filed with the Registry of Deeds within sixty days of commencing foreclosure. 14 M.R.S. § 6321 ("[T]he mortgagee shall within 60 days of commencing the foreclosure also record a copy of the complaint or a clerk's certificate of the filing of the complaint in each registry of deeds in which the mortgage deed is or by law ought to be recorded").

Lastly, the Court notes that the demand letters FNMA sent to Leslie Quinn and Jayme Quinn stated that they had a right to cure within thirty-eight days, rather than thirty-five days. *See Demand Letter* at 3, 11 (stating that the amount due "must be paid by the 38th day" after the notice was given "in order to cure the default").

This error, if it is an error, favors Leslie Quinn and Jayme Quinn and does not impact the Court's determination.

The Court GRANTS FNMA's request for a hearing in accordance with 14 M.R.S. § 6322 (ECF No. 28). FNMA plans to file an amended complaint concerning Leslie Quinn's heirs following the appointment of a public administrator and suggests that the scheduling of a hearing on the damages for Jayme Quinn and Midland Funding LLC be deferred until the hearing for the public administrator for Leslie Quinn can also be scheduled. *Pl.'s Mot.* ¶ 12. The Court does not object to deferring the hearing.

When the hearing for the public administrator for Leslie Quinn is ready for scheduling, FNMA through counsel shall contact the Clerk to arrange a date, time, and place for the hearing. Further, the Court ORDERS FNMA to provide notice to Jayme Quinn and Midland Funding LLC of the date, time, and place of the hearing to allow them to appear, if they wish to do so, and contest FNMA's claimed relief. The Court DEFERS ruling on FNMA's Motion for Default Judgment (ECF No. 28) until after the hearing.

So that the Court does not lose track of this case, the Court ORDERS FNMA to file a status report with the Court every twenty-eight days from the date of this Order forward, updating the Court as to the status of its claims against the heirs of Leslie Quinn.

SO ORDERED.

                                          <u>/s/ John A. Woodcock, Jr.</u>
                                          JOHN A. WOODCOCK, JR.
                                          UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2019